United States District Court
Southern District of Texas
**ENTERED**
August 11, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| JOSIPHINE BARERRA, *individually and as next friend of* A.C., a minor | § | |
| | § | CIVIL ACTION NO. 5:25-CV-71 |
| VS. | § | |
| | § | |
| YBM LOGISTICS S.A. DE C.V. *et al.* | § | |

**REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court for proposed approval is the settlement of the claims of A.C., minor Plaintiff. (Dkt. No. 29). The Court appointed attorney Elisamar Soto, as guardian ad litem for minor Plaintiff. (Dkt. No. 33). A hearing was held on the proposed settlement on August 11, 2026. (Min. Entry Aug. 11, 2026). For the reasons stated below, the Court **RECOMMENDS** that the District Court **APPROVE** the proposed settlement as it pertains to minor Plaintiff A.C.

## I. BACKGROUND

On May 14, 2025, this suit was removed from the Webb County 406th District Court. (Dkt. No. 1). Plaintiff sues individually and as next friend of minor Plaintiff A.C. and alleges causes of action of negligence, negligence *per se*, and gross negligence from a motor vehicle collision. (*Id.*). On June 8, 2026, the Parties filed a joint advisory notifying the Court that the parties reached settlement as to all claims. (Dkt. No. 29).

## II. LEGAL STANDARD

A district court has the "inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Del Bosque v.*

*AT&T Advert., L.P.*, 441 F. App'x 258, 260 (5th Cir. 2011) (quoting *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994)). When determining whether a proposed settlement should be approved, courts should evaluate whether the "proposed settlement is . . . 'fair, adequate, and reasonable and . . . not the product of collusion between the parties.'" *Newby v. Enron Corp.*, 394 F.3d 296, 301 (5th Cir. 2004) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

## III. DISCUSSION

At the August 11, 2026, hearing, the parties discussed Plaintiff's sealed Memorandum in Support of Approval of Minor Plaintiff's Claims. (Dkt. No. 38). Under the terms of the agreement, the total settlement amount to be received by Plaintiffs is $310,000. (*Id.* at 3–4). Plaintiff Josiphine Barrera[1] will receive $300,000 and minor Plaintiff will receive $10,000. (*Id.*).

After collecting $100,000 in attorney's fees, deducting $67,312.51 in medical bills, $11,173.41 in litigation expenses, and $6,707.02 for an outstanding child support lien, net proceeds to Plaintiff Barrera are $114,807.06. (*Id.*). At the hearing, it was clarified that Plaintiff Barrera would also pay minor Plaintiff's outstanding medicals, attorney fees, and miscellaneous expenses, which were previously identified as totaling $5,099.90. (Hrg at 11:04:00–11:04:20).

Net proceeds to minor Plaintiff A.C. are $10,000, to be deposited into the registry of the Court until minor Plaintiff A.C. reaches the age of majority. (Hrg at 11:12:48–11:13-29).

[1] Her true name is Barrera, not Barerra.

The guardian ad litem explained that she believed that the proposed settlement terms are fair and reasonable. (Hrg. at 11:15:02). She explained that she believed that the settlement was in the minor Plaintiff's best interest. (Hrg. at 11:15:11).

Plaintiff Josiphine Barrera testified under oath that she is the mother of minor Plaintiff A.C. (Hrg. at 11:16:14). Minor Plaintiff A.C. suffered physical injuries as a result of the car accident in 2023 but has since recovered from those injuries. (Hrg. at 11:16:24). Minor A.C. is physically able to perform all of her daily activities. (Hrg. at 11:19:22). Plaintiff Barrera further testified that she was satisfied with her lawyer's representation in this matter. (Hrg. at 11:20:26). She stated that she did not have any questions or concerns about the settlement or settlement agreement. (Hrg. at 11:20:30). The terms of the settlement agreement were explained to her by her lawyer. (Hrg. at 11:20:35). She's had the opportunity to have any of her questions answered by her lawyer. (Hrg. at 11:20:42). She understood that she did not have to accept the settlement agreement and could go to trial to determine how much money she and the minor Plaintiff might be entitled to receive. (Hrg. at 11:20:48). It is her decision to settle the case rather than go to trial. (Hrg. at 11:20:59). She testified that she believed the settlement was in the best interest of her child. (Hrg. at 11:21:02). Plaintiff is asking the Court to approve the settlement claims on behalf of the minor Plaintiff. (Hrg. at 11:21:07).

After independent review of the Memorandum in Support of Approval of Minor Plaintiff's Claims, (Dkt. No. 38), the proposed settlement agreement, (Dkt. No. 40-1),

the guardian ad litem's Report, (Dkt. No. 41), and the representations made by the parties at the hearing, the Undersigned **FINDS** that the proposed settlement agreement is fair, reasonable, and is in the minor Plaintiff's best interests. The Undersigned further **FINDS** that the guardian ad litem's report is accurate. Additionally, the Undersigned **FINDS** that placing the minor Plaintiff's Settlement into the registry of the Court is in the best interest of minor Plaintiff A.C. Finally, the Undersigned **FINDS** that the amount of $1,800.00 is reasonable and necessary to compensate Ms. Soto for her services as guardian ad litem for minor Plaintiff.[2]

For the foregoing reasons, the Undersigned **RECOMMENDS** the District Court **APPROVE** the proposed settlement agreement as it pertains to minor Plaintiff A.C. The Undersigned further **RECOMMENDS** that the District Court **DISCHARGE** Ms. Soto from her duties as guardian ad litem. Additionally, the Undersigned **RECOMMENDS** that the District Court **ORDER** that Ms. Soto be paid a fee in the amount of $1,800.00 as reasonable and necessary fees and expenses incurred by her, to be assessed as taxable costs of court against Defendants.

## IV. PARTIES' WAIVER OF OBJECTIONS AND REQUEST TO ADOPT THIS REPORT

At the close of the hearing, Plaintiff, minor Plaintiff, and Defendants, through their counsel and guardian ad litem, orally waived their right to object to this Report and Recommendation and requested that the District Court accept the findings and recommendations in this report. (Hrg. at 11:23:44). Therefore, the District Court may

[2] Defendants agreed that $1,800.00 was reasonable and necessary to compensate Ms. Soto at the hearing. (Hrg. at 11:21:33).

act on this Report immediately.

**SIGNED** this 11th day of August, 2026.

Christopher dos Santos
United States Magistrate Judge